F I L E D
United States Court of Appeals
Tenth Circuit

MAY 8 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

LUIS MIGUEL PIS,

     Defendant-Appellant.

No. 97-2130

(D.C. No. CR-96-466-SC)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.[**]

A jury convicted Defendant Luis Miguel Pis of one count of conspiracy to

distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 846; one count

of possession with intent to distribute more than five grams of cocaine base, in violation

of 21 U.S.C. § 841(b)(1)(B); and one count of maintaining a place for the purpose of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

distributing and using a controlled substance, in violation of 21 U.S.C. § 856. The district court sentenced Defendant to concurrent 63-month sentences on each count, followed by a four-year term of supervised release. Our jurisdiction arises under 28 U.S.C. § 1291.

Defendant argues that the evidence in this case was insufficient to sustain his conviction. We consider a challenge to the sufficiency of the evidence by reviewing the entire record, considering the evidence in the light most favorable to the government, to determine whether the evidence is such that any reasonable jury could find Defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 317 (1979); United States v. Edwards, 69 F.3d 419, 430 (10th Cir. 1995). Applying this standard, we affirm.

First, Defendant argues that the government failed to prove a criminal conspiracy. The indictment charged that Defendant and Luis Antonio Castenada[1] conspired to possess with the intent to distribute more than five grams of cocaine base. In order to prove that Defendant was guilty of conspiracy, the government was required to show: "(1) [an] agreement with another person to violate the law; (2) knowledge of the essential objectives of the conspiracy; (3) knowing and voluntary involvement; and (4) interdependence among the alleged co-conspirators."[2] United States v. Johnson, 12 F.3d 1540, 1545 (10th Cir. 1993). The government must show that Defendant had a "general awareness of both the scope and objective" of the conspiracy, United States v. Evans, 970

---

[1] Castenada was a fugitive at the time of trial.

[2] Proof of an overt act is not required to establish a conspiracy under 21 U.S.C. § 846. United States v. Williamson, 53 F.3d 1500, 1516 n.9 (10th Cir. 1995).

F.2d 663, 670 (10th Cir. 1992), and that there was a "meeting of the minds" between co-conspirators regarding the purpose and scope of the conspiracy. United States v. Anderson, 981 F.2d 1560, 1563 (10th Cir. 1992).

After reviewing the record, we conclude that the evidence presented at trial was sufficient to establish the elements of a conspiracy. On October 3, 1995, after receiving numerous complaints of narcotics activity at the Relax Motel, the Albuquerque Police Department conducted a surveillance of rooms 16 and 17. Officers observed individuals exiting room 16 and making hand-to-hand exchanges with other individuals outside the Relax Motel. In a period of approximately 45 minutes, six or seven transactions occurred. On October 4, 1995, officers executed a search warrant and found 15.7 grams of crack cocaine in room 16, an amount Officer John Jaramillo testified was consistent with drug sales. The drugs were found in a prescription bottle on the dresser and in another prescription bottle under the bathroom sink. Defendant and co-defendant Castenada were present in the room when the search took place. Defendant admitted to renting the room[2], and Relax Motel records show that Defendant was the registered tenant of room 16 from October 1 to October 4. During the search, $300 in cash was found on Defendant. Although Defendant was not identified as one of the individuals who sold drugs on October 3, the sellers came from the room which Defendant rented. Defendant

---

[2] Although Defendant later denied making this statement to Officer John Jaramillo, credibility questions are resolved in favor of the jury's verdict. United States v. Pappert, 112 F.3d 1073, 1077 (10th Cir. 1997).

was found in this same room on October 4 with crack cocaine in plain view and $300 in his possession. We conclude that based on this evidence, a reasonable jury could find that Defendant conspired to distribute cocaine base. See United States v. Johnson, 42 F.3d 1312, 1319 (10th Cir. 1994) (jury may infer an agreement constituting a conspiracy "from the acts of the parties and other circumstantial evidence indicating concert of action for the accomplishment of a common purpose").

Second, Defendant argues that the government failed to prove that he possessed cocaine with the intent to distribute. Defendant argues that the evidence did not show that he distributed or was actually in control of the drugs. In order to support Defendant's conviction, the government must prove knowing possession of a controlled substance, with intent to distribute. United States v. Verners, 53 F.3d 291, 294 (10th Cir. 1995). Possession may be actual or constructive. Id. We have defined constructive possession as "an appreciable ability to guide the destiny of the drug." United States v. Culpepper, 834 F.2d 879, 881 (10th Cir. 1987). Constructive possession may be established by circumstantial evidence. Id. at 882.

We have previously held that a defendant's occupation of, or exercise of dominion and control, over the place where the drugs were located is sufficient to establish constructive possession. See United States v. Simpson, 94 F.3d 1373, 1380 (10th Cir. 1996); Verners, 53 F.3d at 294. In this case, the government offered evidence that Defendant was arrested in room 16 where two prescription bottles filled with crack

4

cocaine were found. The arresting officers testified that at the time of his arrest, Defendant identified himself as Luis Miguel Pis.[3] Defendant admitted that he had rented room 16. Furthermore, the name "Luis Miguel Pis" was on the registration card for room 16 of the Relax Motel. From the evidence presented, a rational jury could reasonably conclude that Defendant exercised dominion or control over the hotel room in which the drugs were found, and therefore was in constructive possession of the crack cocaine.

The government also offered sufficient evidence of intent to distribute. In room 16, the officers found 97 "rocks" of cocaine and $300 in currency. The arresting officer testified that this was "a large amount of . . . crack cocaine for an individual to have unless it is being trafficked or sold." See Verners, 53 F.3d at 294 (testimony that amount of cocaine in excess of amount normally possessed for personal use supports reasonable inference of intent to distribute). In addition, the day before the search warrant was executed, officers observed individuals exiting room 16 and making hand-to-hand exchanges with other individuals outside the Relax Motel. In light of this evidence, a reasonable jury could conclude that Defendant was involved in the distribution of crack cocaine. Therefore, we conclude that the evidence was sufficient to sustain Defendant's conviction for possession with intent to distribute.

_____

[3] Although Defendant testified at trial that his name was Rolando Morales Duran, not Luis Miguel Pis, and that he told the arresting officers that his name was Rolando Morales Duran, he does not deny being present in the Relax Motel on October 4, 1995 or that he was the individual police arrested.

Finally, Defendant argues that there was insufficient evidence to sustain his conviction for maintaining a place for the distribution and use of controlled substances. In order to convict someone of violating this statute, the government must prove that Defendant knowingly opened or maintained a place for the purpose of "manufacturing by repackaging, distributing, or using any controlled substance." Verners, 53 F.3d at 295. Defendant admitted that he rented the hotel room and the registration card showed that he was the occupant. Based on this evidence, a rational jury could have concluded that Defendant was more than a casual visitor to the hotel room and had a substantial connection to, and control over, the room. See Id. at 296 (in order to "maintain" premises, a defendant must have a "substantial connection" and be more than a "casual visitor").

The evidence was also sufficient to established that Defendant maintained the hotel room for the purpose of distributing drugs. Defendant was the registered tenant of a hotel room where officers had observed drug transactions and found crack cocaine and a crack pipe. Furthermore, when Defendant was arrested, he had $300 in currency in his pocket. See Verners, 53 F.3d at 297 (the presence of profits, either in cash or merchandise, may establish that a place is being used "for the purpose of" distributing controlled substances).

Accordingly, Defendants' convictions for conspiracy, possession with intent to distribute, and maintaining a place for the purpose of distributing and using a controlled substance is

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge